UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBORAH M. McJOE,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | NO: CV-11-143-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-motions for summary judgment, ECF Nos. 13, 16. The Court has reviewed the motions, the memoranda in support, Plaintiff's reply memorandum, the administrative record, and is fully informed.

**JURISDICTION**

Plaintiff Deborah McJoe protectively filed for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on May 22, 2008. (Tr. 110-114.) Plaintiff alleged an onset date of May 1, 2004, in both claims. (Tr.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1  110, 112.)  Benefits were denied initially and on reconsideration.  (Tr. 73-76, 80-
2  84.)

3        On March 26, 2009, Plaintiff timely requested a hearing before an
4  administrative law judge ("ALJ").  (Tr. 80.)  A hearing was held before ALJ R. J.
5  Payne on January 21, 2010.  (Tr. 30-32.)  Plaintiff was represented by counsel
6  Dana C. Madsen at the hearing.  (Tr. 18, 30.)  Plaintiff and medical expert David
7  Ruleman, M.D., testified at the hearing.  (Tr. 30-68.)  On March 25, 2010, ALJ
8  Payne issued a decision finding Plaintiff not disabled.  (Tr.18-29.)  The Appeals
9  Council denied review.  (Tr. 1-3.)  This matter is properly before this Court under
10 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

12        The facts of this case are set forth in the administrative hearing transcripts
13 and record and will only be summarized here.  Plaintiff was forty-eight years old
14 when she applied for benefits and was fifty years old when ALJ Payne issued his
15 decision.  Plaintiff currently is unemployed and lives with her mother.  Plaintiff has
16 not worked since 2004.  Plaintiff described that it was heart pain that initially
17 precluded her from working.  She has also asserted reactive airway disease, type 2
18 diabetes, osteoporosis, chronic pain syndrome, angina, heavy menstrual bleeding,
19 anemia, hypertension, hypothyroidism, allergies, reflux, high cholesterol,

insomnia, and knee and ankle injuries. She alleges that the combination of her impairments keeps him from being able to work.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her RFC and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

The ALJ found that Plaintiff met the insured status requirements of the Act through June 30, 2009. (Tr. 20.) At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 1, 2004, the date of onset. (Tr. 20.)

At step two, the ALJ found that Plaintiff has the following severe impairments: hypertension, diabetes, reactive airway disease/seasonal allergies, gastroesophageal reflux, hypothyroidism, anemia, and obesity. (Tr. 20.) At step three, the ALJ found that none of the Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 or 20 C.F.R. (Tr. 21.)

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work with certain limitations and that Plaintiff was capable of performing her past relevant work as a seamstress/sewer. (Tr. 22-23.) The ALJ further found at step five that jobs exist in significant numbers in the national economy that Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

could perform. (Tr. 24.) As a result, the ALJ found that Plaintiff was not disabled as defined under the Act.

## ISSUES

The question in this case is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues that the ALJ incorrectly determined Plaintiff's functional capacity at step four and discounted the opinion of Plaintiff's treating physician without providing specific reasons. Plaintiff also argues that the ALJ improperly discounted her testimony as to the severity of her symptoms despite finding that the symptoms she complained of could be caused by her severe impairments.

## DISCUSSION

**ALJ's Residual Functional Capacity Determination**

Plaintiff challenges the ALJ's step four determination of her RFC and asserts that she is more physically limited than is reflected in the ALJ's decision.

An RFC determination represents the most a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. The RFC assessment is not a "medical issue" under the Regulations; it is based on all relevant evidence in the record, not just medical evidence. Id. The RFC determination represents dispositive administrative findings regarding a claimant's ability to perform basic work and may direct the determination of disability. 20

C.F.R. §§ 404.1546, 416.946; Social Security Ruling ("SSR") 96-5p. Because the RFC assessment is part of the sequential evaluation, critical to a finding of disability and eligibility for benefits, the final responsibility for determining a claimant's RFC rests with the Commissioner after consideration of the record in its entirety. Id. When RFC findings and final determination reflect a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

In assessing the RFC, an adjudicator must consider all medical evidence provided. §§ 404.1545, 416.945. No special significance is given to a medical source opinion on the issues of RFC and disability, issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); SSR 96-5p; SSR 96-2p. While a treating source opinion is never entitled to controlling weight, these opinions may never be ignored. However, the ALJ need only explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Plaintiff points to her treatment records from Wellpinit Indian Health Center ("Wellpinit") for the prospect that the ALJ failed to take into account her diagnoses of hyperlipidemia, angina, chronic bronchitis, high risk coronary artery disease, depression, and osteoarthritis when determining her physical limitations. However, the ALJ noted in his decision that Plaintiff's conditions were under

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

control or stable. (Tr. 20.) Further, the ALJ noted that while many conditions were listed in the Wellpinit materials, Plaintiff sought treatment only for bronchitis and vaginal bleeding. (Tr. 20.) As such, the ALJ rejects the contention that the maladies identified by Willpinit impose any functional restrictions on Plaintiff.

Plaintiff also asserts that the ALJ ignored Plaintiff's knee issues, vaginal bleeding, and chest pains. However, Plaintiff had knee surgery in November 2009, and the ALJ noted that follow-up examination showed "decent range of motion, and it was indicated that she just had some inflammation and underlying irritation from the chondromalacia." (Tr. 21.) With regard to her vaginal bleeding, the ALJ noted that Plaintiff underwent a hysterectomy and oophorectomy in April 2009. (Tr. 21.) With regard to Plaintiff's complaints of chest pain, the ALJ noted that more recent testing of her chest was unremarkable. (Tr. 21.) Indeed, the most recent review of Plaintiff's heart suggests that any chest pain would be non-cardiac in origin. (Tr. 720.)

Plaintiff asserts that the ALJ improperly disregarded the opinion of treating physician Coy Fullen, M.D., that Plaintiff "has osteoarthritis, especially to knees, and ankles, and is applying for federal disability for this reason. It seems reasonable from exam and seeing patient that she can't work." (Tr. 692.) However, the ALJ explicitly disregarded Dr. Fullen's testimony because it consisted of a very brief, blanket conclusion and it contradicted other medical

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

records that revealed only minor damage existed to Plaintiff's knee and ankle. (Tr. 21-23.) An "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Accordingly, the ALJ appropriately discounted Dr. Fullen's conclusory opinion.

Plaintiff asserts that an x-ray showing that Plaintiff's ankles had "[m]ild soft tissue swelling at the medial ankle bilaterally, without acute bony abnormality" and "[mild] right tibiotalar DJD" implies greater physical limitations than identified by the ALJ. (Tr. 481.) However, Plaintiff has not identified how this x-ray contradicts the conclusion of the ALJ. Dr. Rullman was given the x-ray report when he reviewed Plaintiff's medical history. (Tr. 34.) It was Dr. Rullman's opinion on Plaintiff's limitations that supported the ALJ's RFC findings. The only statements in the record that can support any finding as to limitations caused by Plaintiff's ankle injuries are the statements of Dr. Rullman. As Dr. Rullman's opinion accords with the ALJ's finding, the x-ray provides no basis to contradict the ALJ's finding.

In summary, the ALJ's opinion evidences a thorough review of the medical record and has either incorporated or identified specific reasons for discounting the

records identified by Plaintiff. The ALJ's opinion accords with the testimony of Dr. Rullman and, consequently, is supported by substantial evidence.

**ALJ's Credibility Determination of Plaintiff's Subjective Testimony**

Plaintiff testified as to her limitations and symptoms at the January 21, 2012, hearing. Plaintiff asserts that the ALJ failed to properly consider her testimony when determining her physical limitations.

When the ALJ finds a claimant's statements as to the severity of impairments, pain, and functional limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas*, 278 F.3d at 958-959; *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). It is well settled, however, that an ALJ cannot be required to believe every allegation of disabling pain, even when medical evidence exists that a claimant's condition may produce pain. "Many medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603(9th Cir. 1989). Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider. SSR 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's symptom

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. Id.

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.

The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). As explained by the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1  Commissioner in a policy ruling, the ALJ need not totally reject a claimant's
2  statements; he or she may find the claimant's statements about pain to be credible
3  to a certain degree, but discount statements based on his interpretation of evidence
4  in the record as a whole. SSR 96-7p. The ALJ may find a claimant's abilities are
5  affected by the symptoms alleged, but "find only partially credible the individual's
6  statements as to the extent of the functional limitations." Id.

7  Medical opinions based on a claimant's subjective complaints may be
8  rejected where the claimant's credibility has been properly discounted.
9  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The claimant's
10 credibility is also an appropriate factor weighed in the evaluation. *Webb v.*
11 *Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Where an ALJ determines a treating
12 or examining physician's stated opinion is materially inconsistent with the
13 physician's own treatment notes, legitimate grounds exist for considering the
14 purpose for which the doctor's report was obtained and for rejecting the
15 inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th
16 Cir. 1996.) Rejection of an examining medical source opinion is specific and
17 legitimate where the medical source's opinion is not supported by records and/or
18 objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, (9th Cir. 2008).

19 Although credibility determinations are the province of the ALJ, and "the
20 court may not engage in second-guessing," *Thomas*, 278 F.3d at 959, the court has

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

imposed on the Commissioner a requirement of specificity.  *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003); Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir. 1993).  Even if the record includes evidence to support a credibility determination, the reasons must be articulated with specificity by the ALJ in his decision.  The court cannot infer lack of credibility or affirm credibility findings "based on evidence the ALJ did not discuss."  *Connett*, 340 F.3d at 874.  Further, the reviewing court cannot make independent findings to support the ALJ's decision.  Id.

In this case, the ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. Additionally, the ALJ did not find any evidence of malingering.  Therefore, the Court must determine whether the ALJ's rejection of the Plaintiff's subjective symptom testimony is supported by clear and convincing evidence.

The ALJ rejected as not credible Plaintiff's testimony as to the "intensity, persistence, and limiting effects" of her symptoms. (Tr. 23.)  The ALJ identified apparent contradictions between Plaintiff's testimony about her limitations and description of her daily activities.  Plaintiff testified that she needed to elevate her leg for hours each day, had limitations on her ability to walk and stand, had limitations to her lifting ability, and suffered high blood sugar spikes.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

The Court notes that many of the limitations Plaintiff complained of are reflected in the ALJ's RFC finding. The ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a). (Tr. 22.) Sedentary work requires only occasional standing and walking. §§ 404.1567(a), 416.967(a). The ALJ also noted restrictions on air pollutants that could affect the Plaintiff's bronchitis and restrictions on heights that could pose a danger should Plaintiff suffer a blood-sugar spike. (Tr. 22.)

However, the ALJ rejected Plaintiff's testimony that suggested limitations on her ability to do sedentary work. The ALJ noted that Plaintiff's regular activities included playing on her computer for two hours a day; washing the dishes; sweeping the floor; driving for up to fifteen minutes; preparing meals; going shopping; going to the casino; doing arts and crafts; and operating a typewriter, adding machine, sewing machine, and computer. (Tr. 22-23.) Those abilities are consistent with being able to perform sedentary work, and the ALJ relied on them in determining that any complaints by Plaintiff that were inconsistent with sedentary work were simply not credible.

The Court finds that the ALJ identified specific reasons establishing clear and convincing evidence to discount Plaintiff's subject description of her symptoms. Despite that, the ALJ also incorporated many of those restrictions into

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

his conclusion as to what work Plaintiff can perform.  Accordingly, the ALJ did not commit error.

## CONCLUSION

The Court finds that ALJ Payne's determinations as to Plaintiff's limitations, and ultimate determination that Plaintiff is not disabled, are supported by substantial evidence and are consistent with the law.  Accordingly, the Court will not disturb the ALJ's findings.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion for summary judgment, **ECF No. 13**, is **DENIED**.

2. Defendant's motion for summary judgment, **ECF No. 16**, is **GRANTED**.

**IT IS SO ORDERED**.

The District Court Clerk is hereby directed to enter this Order, to provide copies to counsel, and to **CLOSE** this file.

**DATED** this 25th day of March 2013.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge